The Honorable Larry Goodwin State Representative Box 65 Cave City, Arkansas 72521
Dear Representative Goodwin:
This is in response to your request for an opinion regarding Act 30 of the Second Extraordinary Session of 1994, as it amends A.C.A. §§6-18-201, 6-18-222, 27-16-701 and 5-4-323.[1] Your question pertains to the portions of Act 30 granting sixteen (16) and seventeen (17) year olds the right to seek enrollment in adult education programs. According to correspondence attached to your request, Black River Technical College is concerned that Act 30 affects its current policy of not admitting anyone under age seventeen (17) to enroll in any of the College's programs of study, including the adult education program. Your specific question is as follows:
 Under Act 30 does Black River Technical College have the authority to refuse admission to students under seventeen in the adult education program?
It is my opinion that while the College may, on a case-by-case basis, refuse admission to students age sixteen or seventeen, a blanket policy of refusing admission is contrary to law.
Your question requires a review of sections 1, 2 and 3 of Act 30. Section 1 of Act 30 amends A.C.A. § 6-18-201 regarding exceptions to compulsory school attendance. As amended, subsection (b) of §6-18-201 states:
 (b) A local school district may grant a waiver of the attendance requirement to any child age sixteen (16) or seventeen (17) to enroll in an adult education program after all of the following requirements have been met:
 (1) The child makes formal application to the school district for a waiver to enroll in an adult education program.
 (2) The child and the child's parents, guardians, or persons in loco parentis meet with the school counselor to discuss academic options open to the child.
 (3) The adult education program agrees to provide a quarterly attendance report to the school district.
 (4) The adult education program has an opportunity to review the child's school records and agrees to admit the child into the program.
 (5) The child, the child's parents, guardians, or persons in loco parentis and the administrative head of the adult education program agree in writing that the child will have regular attendance and appropriate conduct.
A.C.A. § 6-18-201(b) (2nd Ex. Sess. 1994).
Section 2 of Act 30 amends A.C.A. § 6-18-222 regarding the revocation of driving privileges for excessive unexcused absences. The amended portion provides in part as follows:
 The State Board of Vocational Education shall adopt a student attendance policy for sixteen (16) and seventeen (17) year olds enrolled in an adult education program. . . .
A.C.A. § 6-18-222(a)(2) (2nd Ex. Sess. 1994).
Section 3 of Act 30 amends A.C.A. § 27-16-701 regarding application for licenses or instruction permits. The amended portion provides in part as follows:
 `Regular attendance' in an adult education program shall be attendance in compliance with the policy for sixteen (16) and seventeen (17) year olds established by the State Board of Vocational Education as provided for in § 6-18-222.
A.C.A. § 27-16-701(d)(1)(C) (2nd Ex. Sess. 1994).
It thus seems clear that this legislation envisions a case-by-case review of a sixteen or seventeen-year-old's application to enroll in an adult education program. Legislative intent to make adult education programs available to some sixteen and seventeen-year-olds is also expressed in the emergency clause of Act 30, which states:
 It is hereby found and determined by the Seventy-Ninth General Assembly, meeting in the Second Extraordinary Session, that under current law, sixteen and seventeen year olds can no longer enroll in adult education and attend a GED program, and the GED programs are more suitable than the public schools in meeting the educational needs of some sixteen and seventeen year olds.
Acts 1994 (1st Es. Sess.), No. 30, § 9.
The adult education program must have "an opportunity to review the child's school records" and it must "[agree] to admit the child into the program." A.C.A. § 6-18-201(b) (2nd Ex. Sess. 1994). While some discretion is therefore afforded the adult education program, an across-the-board policy of refusing admission to any student under age seventeen would, in my opinion, be contrary to this legislation. Rather, a reasonable course of action would involve the institution's development of entrance criteria to facilitate review of the records of those students age sixteen or seventeen who obtain a waiver to enroll in an adult education program.
It is therefore my opinion that while Black River Technical College has the authority to refuse admission to some students under the age of seventeen into its adult education program, such refusal must not be based solely upon the fact that the applicant is under seventeen years of age.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] These sections, as amended, are codified in the 1994 Special Phamphlet of the Code. (2nd Ex. Sess. 1994).